UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RONEISA TRAHAN, ET AL.,**

Plaintiff,

v. **No. 4:25-cv-01099-P**

**EMPOWER BRANDS F/K/A TRISTAR PRODUCTS, INC.,**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss. ECF No. 26. Having considered the Motion, the filings, and the applicable law, the Court finds that the Motion will be and hereby is **GRANTED**.

## BACKGROUND

Plaintiffs filed this lawsuit well over a year ago in July 2025. On November 12, 2025, the Court entered a Scheduling Order adopting deadlines the parties proposed. ECF No. 7. The Court advised that it "assumes that the parties thoroughly discussed scheduling issues prior to submitting their status report and that the parties understand that the deadlines imposed in this Order are firmly in place." ECF No. 7. The Scheduling Order required the party with the burden of proof to designate experts and comply with Rule 26(a)(2) by March 23, 2026. Plaintiffs designated no experts and served no expert reports. They did not move to extend the deadline. All discovery was to be completed by June 22, 2026. ECF No. 7 at 6. Plaintiffs served no discovery and took no depositions. The Scheduling Order required the parties to "make the disclosures required by Rule 26(a)(3)(A)-(B) by October 7, 2026." ECF No. 7 at 7. Plaintiffs made none; they let the deadline for Rule 26(a)(3) pretrial disclosures pass without disclosing a single witness or exhibit.

The Scheduling Order also required Plaintiffs' counsel to "deliver to counsel for Defendant by October 12, 2026 a copy of its proposed Court's charge to the jury," and set a face-to-face meeting of lead counsel on October 16, 2026 to resolve differences in the charge." ECF No. 7 at 8(d)(i), (iii)). Plaintiffs delivered no proposed charge. Plaintiff also failed to attend the court ordered mediation in person as required by the Scheduling Order. She participated only by telephone and filed no motion to be excused. The Scheduling Order provides: "If the plaintiff does not timely file the required (or other) pretrial material, the case will be dismissed." It further provides that "[f]ailure to list a witness, exhibit, or deposition excerpt as required by this Order shall be grounds for exclusion of that evidence," and that "[f]ines or other sanctions, if appropriate, may also be imposed under Rule 16(f)." ECF No. 7 at 13.

**LEGAL STANDARDS**

Rule 41(b) permits a defendant to move to dismiss an entire action or any individual claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b). Unless the order states otherwise, the dismissal "operates as an adjudication on the merits." *Id.* It requires "'a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice.'" *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (2018) (quoting *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018)). Generally, though not in every case, a clear record of delay or contumacious conduct is found if (1) the plaintiff caused the delay; (2) the defendant suffered actual prejudice; or (3) intentional conduct caused the delay. *Stearman v. C.I.R.*, 436 F.3d 533, 535 (5th Cir. 2006) (per curiam) (citation omitted); see *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) ("We disagree . . . that, to affirm a [Rule 41(b)] dismissal with prejudice, an aggravating factor must be present; the presence of the requisite factors can alone justify dismissal." (internal quotation marks and citation omitted)).

"Neither the parties nor their counsel have the authority to stipulate or otherwise agree to changes in the Court's orders regarding discovery or any other scheduling matter unless expressly authorized to do so by Rule or by Court order." *Olgyay v. Soc'y for Envtl. Graphic Design, Inc.*,

169 F.R.D. 219 (D.D.C. 1996). "A court has the inherent power to enforce its scheduling orders and to impose sanctions." *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 624 (E.D. Tex. 2007); FED. R. CIV. P. 16(f).

## ANALYSIS

The record substantiates a clear record of delay and that a lesser sanction would not serve the interests of justice.

Plaintiffs have offered no excusable explanation for their inaction and the fact that they have missed virtually every case deadline. Plaintiffs claim that the missed pretrial deadlines resulted from a good-faith misreading of the Court's June 15 Order. ECF No. 29 at 10. But the mere fact that the Scheduling Order was entered by a different judge is no excuse. Plaintiff also claims, by counsel's own sworn account, that a Fall 2025 illness "required [him] to miss approximately a week of work." That will not work either. Public court records confirm that counsel maintained an active practice during that period. Between entry of the Scheduling Order and the March 23, 2026 expert deadline, Mr. Hampton appeared as counsel of record in at least eight newly filed Texas state court cases.[1] Plaintiffs' initial disclosures were signed by three attorneys, each of whom is expected to pay proper attention to the case. This District requires local counsel to be authorized to argue a party's position at any hearing and to be able to perform any other duty the presiding judge requires. N.D. Tex. LCrR 57.10(b). That expectation applies with full force to co-counsel. A firm with three attorneys of record cannot attribute nine months of inaction to one lawyer's week-long absence. And the record reflects at least one default by Ms. Trahan herself: she did not attend court-ordered mediation in person and filed no motion to be excused. Her explanation could have been relevant considerations for good cause in a Motion to excuse that requirement of the scheduling order. But that excuse is beside the point here.

---

[1] Cause Nos. 123017-489 (489th Dist. Ct., Kaufman Cnty., filed Nov. 21, 2025); DC-25-22350 (Dallas Cnty. Dist. Ct., filed Dec. 4, 2025); DF-25-16293 (filed Dec. 10, 2025); DF-25-16474 (filed Dec. 16, 2025); DC-25-23531 (filed Dec. 29, 2025); DC-26-00315 (filed Jan. 8, 2026); 119436D (Ellis Cnty. Dist. Ct., filed Jan. 13, 2026); and DC-26-03219 (filed Feb. 20, 2026).

A lesser sanction would not serve the interests of justice. Discovery has been closed since June 22, 2026. Trial is set for November 16, 2026 and yet Plaintiffs have no disclosed evidence to present. It is unclear how they expect to meet their burden. A continuance would not cure the problem. Allowing Plaintiffs to designate experts and reopening expert and fact discovery would require Defendant to start its defense over and displace the November 16 trial setting that the Court told the parties was "firmly in place."[2] Defendant therefore faces an impending trial date with no notice of what witnesses or exhibits Plaintiffs intend to offer. For these reasons, dismissal is best suited to the interests of justice.

## CONCLUSION

Plaintiffs were warned repeatedly. The Scheduling Order told them that if the plaintiff does not timely file required pretrial material, "the case will be dismissed." ECF No 7. The Court warned that failure to mediate by June 18 "will result in dismissal under Fed. R. Civ. P. 41(b)." ECF No. 14. So too with the June 15 Order. ECF No. 20. The record is devoid of any evidence suggesting excusable neglect and lesser sanction would not serve the interests of justice. Accordingly, the Court **GRANTS** the Motion to Dismiss, ECF No. 26. The Court therefore **ORDERS** that the case be **DISMISSED with prejudice**.

**SO ORDERED** on this **30th day of October 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[2] The Court has a demanding trial calendar and cannot afford further delay. The Court notes that the Northern District of Texas is the busiest two-judge division in the United States. United States Courts, Caseload Statistics, https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison0630.2026.pdf [https://perma.cc/92WH-UVTU] (last visited Oct. 30, 2026) (Table: U.S. District Courts – Federal Court Management Statistics-Comparison Within Circuit). Counsel are must abide by their obligations under the Texas Lawyer's Creed, which requires lawyers to "be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes," Texas Lawyer's Creed—A Mandate for Professionalism, reprinted in TEXAS RULES OF COURT 739 (West 2020), and under *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, which states that "[a] lawyer owes, to the judiciary, candor, diligence and utmost respect." 121 F.R.D. 284, 287 (N.D. Tex. 1988).